UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AISHA KAI POPE,

        Plaintiff,

v.

        Case Number 19-10870
        Honorable David M. Lawson

CORIZON HEALTH, KEITH PAPENDICK,
ROBERT LACY, CLAIRE PEI,
SHANTI GOPAL, MOHAMMED AZIMI,
DONNA ROHR, MS. McCARTHY,
MS. FISHER, R.N. FIORINI, R.N. BRANCH,
R.N. TINSLEY, HEIDI WASHINGTON,
SHAWN BREWER, ANTHONY STEWART,
and MS. ROBINSON,

        Defendants.
_____/

## OPINION AND ORDER DISMISSING DEFENDANTS
## MCCARTHY, FISHER, WASHINGTON, BREWER, AND STEWART

On March 25, 2019, plaintiff Aisha Kai Pope, a state prisoner at the Women's Huron Valley Correctional Facility (WHV) in Ypsilanti, Michigan filed a *pro* se civil rights complaint under 42 U.S.C. § 1983 and an application to proceed without prepaying the fees and costs for this action. She named the following defendants: Corizon Health ("Corizon"), a medical provider for state prisoners in Michigan; medical director Keith Papendick; supervisor or director Robert Lacy; Drs. Claire Pei, Shanti Gopal, and Mohammed Azimi; P.A. Donna Rohr; supervisors McCarthy and Fisher; registered nurses Fiorini, Branch, and Tinsley; Director of the Michigan Department of Corrections (MDOC) Heidi Washington; warden Shawn Brewer; former warden Anthony Stewart; and Ms. Robinson. Pope alleges in her complaint that she was denied due process of law and subjected to cruel and unusual punishment due to the defendants' delay or denial of proper medical care. The Court has completed the screening required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A,

and now concludes that defendants McCarthy, Fisher, Washington, Brewer, and Stewart must be dismissed from the case because the plaintiff has not state a cognizable federal claim against them.

I.

This case focuses on events that occurred while Pope was incarcerated at WHV. She alleges that from approximately 2016 to 2018, she was severely sick, experienced excessive pain, and began losing blood. Although she was given iron supplements and over-the-counter medication, the medical staff allegedly delayed testing to find the source of her blood loss. Pope further alleges that the defendants ignored her symptoms and refused to send her out of the correctional facility to get medical help. She continued to experience rectal bleeding and severe pain and was finally diagnosed with invasive colon cancer.

Pope claims that the delays and denial of proper medical care amounted to cruel and unusual punishment under the Eighth Amendment to the Constitution. She further alleges that the defendants deprived her of due process, subjected her to retaliation for filing complaints against the defendants, and discriminated against her. She seeks a preliminary and permanent injunction against the defendants' practices and omissions; remedial action concerning the defendants' policies and practices; money damages, attorney fees, and costs; and any other relief that the Court deems necessary.

II.

When a plaintiff has asked the Court to waive fees and costs because she cannot afford to pay them, the Court has an obligation to screen the case for merit and dismiss the case if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In addition, Congress mandated in the Prison Litigation Reform Act (PLRA) that the Court screen for colorable merit every prisoner complaint filed against a state or governmental entity. 28 U.S.C. § 1915A(a) ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.")

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez,* 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28). Dismissal on the Court's initiative is appropriate if the complaint lacks an arguable basis when filed. *Goodell v. Anthony*, 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

Although a *pro se* litigant's complaint must be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "[t]he leniency granted to pro se [litigants] . . . is not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The screening mandated by Congress in section 1915(e)(2) includes the obligation to dismiss civil complaints filed by prospective *pro se* filers if they "fail[] to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock,* 549 U.S. 199 (2007).

To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009). "To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006)).

A.

Pope's lengthy and detailed statement of facts fails to make any allegations about Ms. McCarthy or Heidi Washington. That omission is fatal to the claims against them, because some factual basis for allegations of unconstitutional conduct by persons acting under color of state law must be set forth in a pleading. *Chapman v. Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). Therefore, McCarthy and Washington will be dismissed from this action for failure to state a claim.

B.

Pope also has not stated a plausible claim against Shawn Brewer and Anthony Stewart. The only allegations about Brewer and Stewart are that Pope sent letters to the warden's office, complaining of being refused access to her medical records and being subjected to disrespectful remarks by Dr. Pei. Compl., ¶¶ 68, 124.

Pope has not shown that Brewer or Stewart personally were involved with her medical care, and even if they were aware of Pope's medical condition, the contention that a prison supervisory official did not intervene in a matter fails to state a claim under § 1983. *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008). "[L]iability under § 1983 must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*,

199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. University of Tennessee*, 159 F.3d 199, 206 (6th Cir. 1998)).

Furthermore, Pope had no constitutional right to review or obtain copies of her prison medical records, *Blanton v. Blue*, No. 16-P10, 2016 WL 2858922, at *3 (W.D. Ky. May 16, 2016) (unpublished decision collecting cases), and an official's disrespectful remarks do not qualify as "punishment" under the Eighth Amendment, *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987), or "constitute the type of infliction of pain that the Eighth Amendment prohibits." *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004). Therefore, even if Brewer and Stewart received and read Pope's letters regarding the denial of her medical records and Dr. Pei's disrespectful remarks, Brewer and Stewart did not violate her constitutional rights by failing to act. Brewer and Stewart will be dismissed from this action.

C.

Pope's allegations about Ms. Fisher also do not suggest any wrongful conduct on her part, because the allegations indicate that Fisher was trying to help Pope. According to the complaint, Ms. Fisher met with Pope and agreed to investigate Pope's prison grievances. Fisher also agreed that Pope's medical case was handled inappropriately, and she stated that she would try to get Pope's case back on track. Additionally, Fisher stated that Pope needed someone more experienced than P.A. Rohr to handle her case and that Dr. Pei would be removed from Pope's case if there were problems with Pei. Compl., ¶¶ 98-102.

Pope has failed to show that Fisher deprived her of her constitutional rights. The Court, therefore, will dismiss Fisher from this lawsuit.

D.

Pope's attempts to hold Fisher, McCarthy, Washington, Brewer, and Stewart liable on a *respondeat superior* theory of liability fails because vicarious liability does not apply to suits under section 1983. *Iqbal*, 556 U.S. at 676. Civil rights plaintiffs must plead what each Government-official defendant, through the official's own individual actions, did to violate the Constitution. *Id*.; *see also Gardner v. Evans*, --- F.3d ---, ---, No. 17-1933, 2019 WL 1487308, at *7 (6th Cir. Apr. 4, 2019) (quoting *Flagg v. Detroit*, 715 F.3d 165, 174 (6th Cir. 2013) (citing *Collins v. City of Harker Heights*, 503 U.S. 115, 122 (1992)), and *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010)). "A plaintiff must therefore show how each defendant 'directly participated in the alleged misconduct, at least by encouraging, implicitly authorizing, approving or knowingly acquiescing in the misconduct, if not carrying it out himself.'" *Gardner,* 2019 WL 1487308, at *7 (quoting *Flagg*, 715 F.3d at 174). Pope has not made the necessary showing with regards to Fisher, McCarthy, Washington, Brewer, and Stewart.

III.

Pope's claims seeking injunctive and monetary relief from defendants McCarthy, Fisher, Washington, Brewer, and Stewart lack an arguable basis in law and fail to state a plausible claim for which relief may be granted.

Accordingly, it is **ORDERED** that defendants McCarthy, Fisher, Washington, Brewer, and Stewart are **DISMISSED** from this action under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Date: May 21, 2019

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on May 21, 2019.

                              s/Susan K. Pinkowski
                              SUSAN K. PINKOWSKI