UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

AISHA POPE #228305,

    Plaintiff,

v

CORIZON HEALTH, INC., *et al.*,

    Defendants.

NO. 2:19-cv-10870

HON. DAVID M. LAWSON

MAG. STEPHANIE DAWKINS DAVIS

_____/

Exhibit A

Affidavit of Richard D. Russell

## AFFIDAVIT OF RICHARD D. RUSSELL

I, Richard D. Russell, having been duly sworn, depose and say:

1. If sworn as a witness, I can testify competently and with personal knowledge to the facts contained within this affidavit.

2. I am presently the Hearings Administrator/Manager of the Grievance Section of the Michigan Department of Corrections (MDOC), with my office in Lansing, Michigan. I have held this position since May 1, 2011.

3. The grievance process for the MDOC consists of three steps which are defined in Policy Directive 03.02.130, "Prisoner/Parolee Grievances." That Policy Directive in part states that the prisoner must file to the next Step within 10 business days of receiving the Step response, or within 10 business days of when it should have been received. This allows the prisoner the ability to advance a grievance whether or not she receives a timely response. (ECF 34-2, Pg ID 238-239, ¶BB, ¶FF.)

4. I have reviewed two of Plaintiff Aisha Pope's Step III grievances: the grievance identified as WHV-17-08-3412-28e, with a

1

8/10/17 incident date, and the grievance identified as WHV-17-05-2328-28e, with a 5/19/17 incident date.

5. As to grievance WHV-17-08-3412-28e, Pope received her Step II response on 11/30/17 – not on 12/28/17, as she claims. (ECF 34-3, Pg ID 327, *see* "Date Returned to Grievant" box.) Pope then had 10 business days from 11/30/17 to file her Step III appeal – or until 12/14/17. But her Step III was not received until 1/12/18 and it was untimely. The 1/12/17 reference on the Step III grievance response to when her Step III appeal was received is a typo; the correct date is 1/12/18. (ECF 34-4, Pg ID 326.)

6. The Grievance Coordinator received an extension of time to file a response to Pope's Step II appeal – to 12/12/17 – (ECF 34-3, Pg ID 328, 331) but the full time period was not needed and Pope received the Step II response on 11/30/17. So Pope had 10 business days from 11/30/17 to appeal to Step III but she failed to timely appeal.

7. The second handwritten statement on the grievance investigation delay letter (ECF 34-3, Pg ID 331) is not the Grievance Coordinator's handwriting and, as noted above, Pope did not receive her

2

Step II response on 12/28/17. Pope was given her Step II response on 11/30/17, as the appeal form indicates. (ECF 34-3, Pg ID 327.)

8. As to grievance WHV-17-05-2328-28e, Pope received her Step I response on 6/19/17. (ECF 34-3, Pg ID 375.) Pope then had 10 business days to file her Step II appeal – or by 7/3/17. Pope filed her Step II appeal after that, on 7/15/17. (ECF 34-3, Pg ID 372.) Pope's Step II appeal was untimely and should have been rejected as such.

9. From the Step II appeal due date of 7/3/17, the MDOC would then have 15 business days to respond to the Step II appeal – or until 7/25/17. Pope would then have 10 business days from that date to file her Step III appeal – or until 8/8/17. But Pope's Step III appeal was not received until over a month later, on 9/18/17, without any documentation of any reasonable cause for the delay. (ECF 34-3, Pg ID 371.)

10. Pope received her Step II response on 8/14/17 (ECF 34-3, Pg ID 372, *see* "Date Returned to Grievant" box) – more than 15 business days after she should have filed her Step II appeal on 7/3/17, and more than 15 business days from when she actually filed her Step II appeal on 7/15/17. But that does not excuse her from timely filing to the next

3

Step of the grievance process. As noted above, a prisoner must file to the next Step within 10 business days of receiving the Step response, or within 10 business days of when it should have been received. Her Step III appeal was not received until 9/18/17 so it was properly rejected as untimely at Step III.

11. At all times I acted in good faith, within the scope of my authority, and in accordance with my understanding of the statutes, rules and policies governing the Michigan Department of Corrections.

12. Any documents referenced in this Affidavit are records of regularly conducted activity of the Michigan Department of Corrections. Any records were made at or near the time of the occurrences reflected, by a person with knowledge of those matters, or from information transmitted by a person with knowledge of those matters. Any documents are kept in the regular course of business of the Michigan Department of Corrections. Any copy of these records attached to or accompanying this affidavit are true and accurate copies of the original records.

AFFIANT SAYS NOTHING FURTHER.

*/s/ Richard D. Russell*

Richard D. Russell
Hearings Administrator/
Manager, Grievance Section
Office of Legal Affairs
Michigan Department of Corrections


Subscribed and sworn to before me, a Notary Public,
on the __21__ day of __November__, 2019.

*/s/ Nicole Willson*
Notary Public
_____ County, Michigan
My Commission Expires: _____

NICOLE WILLSON
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF EATON
My Commission Expires August 24, 2023
Acting in the County of Ingham

5