# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

Aisha Pope, #228305

     Plaintiff,

v.

Corizon Health, MDOC et al

     Defendants,

Case No.: 2:19-cv-10870
District Judge: David M. Lawson
Magistrate Judge: David R. Grand

---

EXCOLO LAW, PLLC
Solomon M. Radner (P73653)
Madeline M. Sinkovich (P82846)
Attorneys for Plaintiff
26700 Lahser Rd., Suite 401
Southfield, MI 48033
(866) 939-2656
srander@excololaw.com
msinkovich@excololaw.com

MICHIGAN DEPT. OF ATTORNEY GENERAL
Sara Trudgeon (P82155)
Attorney for MDOC Defendants
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
trudgeons@michigan.gov

CHAPMAN LAW GROUP
Ronald W. Chapman Sr., M.P.A.,
LL.M. (P37603)
Wedad Suleiman (P81970)
Attorney for Defendants Keith Papendick, M.D.;
Claire Pei, M.D.; Mohammed Azimi, M.D.;
Shanthi Gopal, M.D.; and Donna Rohrs, P.A.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
wsuleiman@chapmanlawgroup.com

---

## CORIZON DEFENDANTS KEITH PAPENDICK, M.D.; CLAIRE PEI, M.D.; MOHAMMED AZIMI, M.D.; SHANTHI GOPAL, M.D.; AND DONNA ROHRS, P.A.'S ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND

## PROOF OF SERVICE

NOW COME Defendants KEITH PAPENDICK, M.D.; CLAIRE PEI, M.D.; MOHAMMED AZIMI, M.D.; SHANTHI GOPAL, M.D.; AND DONNA ROHRS, P.A. ("Corizon Defendants"), by and through their attorneys, CHAPMAN LAW GROUP, and for their Answer to Plaintiff's Complaint state as follows:

1. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

2. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

3. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

4. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

5. Defendants neither admit nor deny the allegations contained therein, because they lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations, and thus leave Plaintiff to her proofs.

6. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

7. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

8. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

9. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

10. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

11. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

12. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

13. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

14. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

15. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

16. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

17. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

18. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

19. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

20. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

21. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

22. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

23. Defendants neither admit nor deny the allegations contained therein, because they lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations, and thus leave Plaintiff to her proofs.

24. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

25. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

26. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

27. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

28. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

29. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

30. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

31. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

32. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

33. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

34. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

35. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

36. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

37. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

38. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

39. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

40. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

41. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

42. Defendants neither admit nor deny the allegations contained therein, because they lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations, and thus leave Plaintiff to her proofs.

43. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

44. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

45. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

46. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

47. Defendants neither admit nor deny the allegations contained therein, because they lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations, and thus leave Plaintiff to her proofs.

48. Defendants neither admit nor deny the allegations contained therein, because they lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations, and thus leave Plaintiff to her proofs.

49. Defendants neither admit nor deny the allegations contained therein, because they lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations, and thus leave Plaintiff to her proofs.

50. Defendants neither admit nor deny the allegations contained therein, because they lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations, and thus leave Plaintiff to her proofs.

51. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

52. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

53. Defendants neither admit nor deny the allegations contained therein, because they lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations, and thus leave Plaintiff to her proofs.

54. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

55. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

56. Defendants neither admit nor deny the allegations contained therein, because they lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations, and thus leave Plaintiff to her proofs.

57. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

58. Defendants neither admit nor deny the allegations contained therein, because they lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations, and thus leave Plaintiff to her proofs.

59. Defendants neither admit nor deny the allegations contained therein, because they lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations, and thus leave Plaintiff to her proofs.

60. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

61. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

62. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

63. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

64. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

65. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

66. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

67. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

68. Defendants neither admit nor deny the allegations contained therein, because they lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations, and thus leave Plaintiff to her proofs.

69. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

70. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

71. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

72. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

73. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

74. Defendants neither admit nor deny the allegations contained therein, because they lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations, and thus leave Plaintiff to her proofs.

75. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

76. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

77. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

78. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

79. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

80. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

81. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

82. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

83. Defendants neither admit nor deny the allegations contained therein, because they lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations, and thus leave Plaintiff to her proofs.

84. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

85. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

86. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs. Further, these allegations have been dismissed for failure to state a claim.

87. Defendants neither admit nor deny the allegations contained therein, because they lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations, and thus leave Plaintiff to her proofs.

88. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

89. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

90. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

91. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

92. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

93. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

94. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

95. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

96. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

97. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

98. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

99. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

100. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

101. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

102.     The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

103.     The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

104.     The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

105.     The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

106.     The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

107.     The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

108.    The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

109.    The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

110.    The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

111.    The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

112.    The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

113.    The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

114. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

115. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

116. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

117. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

118. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

119. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

120. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

121. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

122. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

123. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

124. Defendants neither admit nor deny the allegations contained therein, because they lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations, and thus leave Plaintiff to her proofs.

125. The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

126.     The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

127.     The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

128.     The medical records speak for itself; therefore, no response is required. In the event that a response is required, Defendants deny the allegations contained therein and leave Plaintiff to her proofs.

129.     Defendants neither admit nor deny the allegations contained therein, because they lack sufficient knowledge and/or information sufficient to form a belief as to the truth of these allegations, and thus leave Plaintiff to her proofs.

WHEREFORE, Defendants CORIZON HEALTH INC.; KEITH PAPENDICK, M.D.; CLAIRE PEI, M.D.; MOHAMMED AZIMI, M.D.; SHANTHI GOPAL, M.D.; and DONNA ROHRS, P.A. affirmatively state that there has been no Constitutional violation committed against Plaintiff, making any claim for damages or injuries inappropriate.

## JURY DEMAND

Defendants CORIZON HEALTH INC.; KEITH PAPENDICK, M.D.; CLAIRE PEI, M.D.; MOHAMMED AZIMI, M.D.; SHANTHI GOPAL, M.D.; and DONNA ROHRS, P.A. hereby enter their reliance on Plaintiff's demand for jury trial and requests a trial by jury to resolve all claims and issues associated with this action.

# CORIZON DEFENDANTS' AFFIRMATIVE DEFENSES

1.     Plaintiff's Complaint, in whole and/or part, fails to state a claim upon which relief may be granted, because Plaintiff has failed to allege, or, if adequately alleged, cannot prove under the totality of the circumstances, that:

     A.     Defendants *objectively* subjected Plaintiff to a deprivation of required treatment for a sufficiently serious medical condition which resulted in harm; and

     B.     Defendants *subjectively* demonstrated deliberate indifference by disregarding a known and excessive risk to Plaintiff's health and safety.

2.     Plaintiff's Complaint, in whole and/or part, is barred by absolute and/or qualified governmental immunity from tort liability. To the extent that Defendants are sued in their individual capacity, they are entitled to dismissal because a reasonable health care provider in their position would not have thought they were violating any of Plaintiff's clearly established constitutional rights by any of their actions or inactions.

3.     Plaintiff's Complaint is barred by the non-joinder of parties under Fed. R. Civ. P. 19.

4.     Defendants will rely upon all defenses available to them under the Eighth and Fourteenth Amendments to the United States Constitution.

5. Defendants will rely upon all defenses available to them under 42 U.S.C. § 1983.

6. Defendants deny they breached any duties and deny they were negligent or violated the constitutional rights of Plaintiff in any manner. At all times, Defendants were guided by and strictly observed all of the legal duties imposed upon them by the United States Constitution, Federal Statutes, and common law.

7. Plaintiff's claims do not rise to the level of constitutional violations cognizable under the Eighth and/or Fourteenth Amendments or under 42 U.S.C. §1983.

8. Defendants are not liable for exemplary or punitive damages under 42 U.S.C. §1983.

9. Defendants did not violate any clearly established Constitutional rights of which Defendants were or should have been aware.

10. Plaintiff's alleged injuries and/or resulting damages, if any, are attributable to entities and/or persons other than Defendants.

11. Plaintiff's claims are barred, in whole or in part, by the doctrine of comparative negligence. Additionally, Plaintiff was negligent in not adequately informing medical staff of the alleged injuries.

12.     Any alleged damages sustained by Plaintiff were proximately caused totally, or in part, by her own negligence and/or willful acts, and any recovery by the Plaintiff must therefore be diminished in whole or in part.

13.     At all times pertinent to the instant litigation, Plaintiff was negligent, which directly or proximately contributed to cause the alleged injuries, if any, and the Plaintiff's recovery must be reduced in proportion to said negligence.

14.     Plaintiff's claims fail to rise to the level of a constitutional violation.

15.     Plaintiff's claims are barred by the statute of limitations.

16.     Plaintiff's claims are barred by 42 U.S.C. §1997e for failure to exhaust available administrative remedies.

17.     Plaintiff has failed to state allegations against Defendants that constitute deliberate indifference to a serious medical need, and/or that Plaintiff's injuries were the result of an unconstitutional policy, practice, or procedure put in place by the Defendants.

18.     Defendants are entitled to dismissal because their actions were not wanton and reckless with regard to the rights of Plaintiff but were, if anything, medical judgment calls.

19.     Defendants are licensed healthcare professionals and, as such, must be sued under the medical malpractice framework established by the legislature which requires, among other things, the filing of a Notice of Intent one hundred eighty-two

(182) days prior to filing a Complaint and the attachment of an Affidavit of Merit to the Complaint. *See Bryant v. Oakpointe Villa Nursing Centre,* 471 Mich. 411, 422 (2004); *Scarsella v. Pollak,* 461 Mich. 547, 553 (2000); and MCL § 600.2912b.

21.    Defendants specifically reserve the right to add any other Affirmative and/or Special Defenses, as may become known or discovered in the course of subsequent investigation or discovery.

Respectfully submitted,

CHAPMAN LAW GROUP

Dated: December 9, 2020    /s/Wedad Suleiman
Ronald W. Chapman Sr., M.P.A., LL.M (P37603)
Wedad Suleiman (P81970)
Attorneys for Keith Papendick, M.D.;
Claire Pei, M.D.; Mohammed Azimi, M.D.;
Shanthi Gopal, M.D.; and Donna Rohrs, P.A.
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
wsuleiman@chapmanlawgroup.com

## **PROOF OF SERVICE**

I hereby certify that on December 9, 2020 I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by US Postal Service the document to the involved non participants.

/s/ Wedad Suleiman
Wedad Suleiman (P81970)
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
wsuleiman@chapmanlawgroup.com