# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

AISHA POPE #228305,

    Plaintiff,

v

CORIZON HEALTH, INC., KEITH PAPENDICK, ROBERT LACY, CLAIRE PEI, SHANTHI GOPAL, MOHAMMED AZIMI, DONNA ROHRS, HUM McCARTHY, HUM FISHER, KRISTYN FIORINI, JANET BRANCH, BRYANT TINSLEY, HEIDI WASHINGTON, SHAWN BREWER, ANTHONY STEWART, and PATRICIA ROBINSON,

    Defendants.

NO. 2:19-cv-10870

HON. DAVID M. LAWSON

MAG. DAVID R. GRAND

**MDOC DEFENDANTS' AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND**

THE LAW OFFICE OF KEITH ALTMAN
Keith Altman (P81702)
Attorney for Plaintiff
33882 W. 12 Mile Road, Suite 375
Farmington Hills, MI 48334
(516) 456-5885

MICH. DEPT. OF ATTORNEY GENERAL
Sara Trudgeon (P82155)
James T. Farrell (P35400)
Assistant Attorney General
Attorney for MDOC Defendants
Michigan Department of Attorney General
MDOC Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055

CHAPMAN LAW GROUP
Ronald W. Chapman (P37603)
Madeline Young (P82140)
Attorney for Defendants Corizon Health, Dr. Papendick, Dr. Lacy, Dr. Pei, Dr. Gopal, Dr. Azimi, and PA Rohrs
1441 West Long Lake Road, Suite 310
Troy, MI 48098
(248) 644-6326

_____/

# MDOC DEFENDANTS' AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND

RN Branch, RN Fiorini, and RN Tinsley (collectively referred to as 'the MDOC defendants'), defendants herein, by Dana Nessel, Attorney General for the State of Michigan, and Sara E. Trudgeon and James T. Farrell, Assistant Attorneys General, amend their previously filed answer to Plaintiff's prisoner civil rights complaint as follows:

## I. Previous Lawsuits

Defendants lack knowledge or information sufficient to form a belief as to the truth of this allegation.

## II. Statement of Facts

Defendants lack knowledge or information sufficient to form a belief as to the truth of this allegation.

## III. Statement of Claims

Denied.

## IV. Relief

Plaintiff's demand for injunctive relief is moot given that she paroled in June 2020. With regard to plaintiff's demand for damage relief, Defendants respectfully request this Court deny such demand, and

dismiss this case with prejudice and with an award of costs and attorneys' fees to Defendants.

## The Second Part of Plaintiff's Complaint

1-129. The MDOC defendants answer all of the allegations in the second part of plaintiff's complaint by stating that they lack knowledge or information to form a belief as to the truth of these allegations.

## AFFIRMATIVE DEFENSES

Pursuant to Fed. R. Civ. P. 8(c), the MDOC defendants assert the following affirmative defenses:

1. Plaintiff may have failed to mitigate her alleged damages.

2. Defendants may be entitled to absolute immunity, qualified immunity, and state-law government-employee immunity.

3. Plaintiff may not have suffered physical injury as a result of the conduct alleged against any of the MDOC defendants, and, therefore, plaintiff may not be entitled to claim damages for emotional and/or mental distress.

4. Plaintiff may have failed to exhaust her administrative remedies against the MDOC defendants, which, if true, bars her claims against those defendants.

5. Plaintiff's claims may be barred from the applicable statute of limitations and/or doctrine of laches.

6. Plaintiff's claim for damage relief against the MDOC defendants in their official capacity is barred by the Eleventh Amendment.

7. Plaintiff's claim for injunctive relief is moot because plaintiff is no longer incarcerated in an MDOC facility.

8. Plaintiff's claim for money damages against State Defendants in their official capacity is barred by Eleventh Amendment immunity.

9. The rule allowing for joint and several liability is at odds with the principle that indemnification and contribution are not available in actions brought under 42 U.S.C. § 1983.

10. Defendants object to the nonjoinder of necessary parties and claims so that this Court may grant complete relief.

11. Any damages sought by plaintiff for state-law violations were paid or are payable by collateral sources, and, therefore, defendants are entitled to a pro tanto offset or a credit in accordance with Michigan law.

12. If it is found that plaintiff has been paid by an insurer for her alleged damages, and assigned her rights to that insurer, plaintiff may not recover.

13. Plaintiff's injuries may have been the result of a pre-existing or subsequently occurring conditions that were neither caused nor aggravated by the alleged conduct of the MDOC Defendants.

14. Plaintiff may have caused her own damages. If true, her recovery should be reduced by the percentage that her own fault contributed to her damages.

15. MDOC Defendants reserve the right to raise any additional affirmative defenses the Defendants may have following the completion of discovery.

## JURY DEMAND

The MDOC defendants demand trial by jury.

Respectfully submitted,

Dana Nessel
Attorney General

*s/ Sara E. Trudgeon*
Sara E. Trudgeon (P82155)
James T. Farrell (P35400)
Assistant Attorneys General

May 7, 2021

Attorneys for the MDOC Defendants
MDOC Division
P.O. Box 30217
Lansing, MI 48909

**CERTIFICATE OF SERVICE**

I hereby certify that on **May 7, 2021**, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing of the foregoing document as well as via US Mail to all non-ECF participants.

*/s/ Terri J. Davis*
Terri J. Davis, Legal Secretary
Mich. Dept. of Attorney General
MDOC Division