UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

AISHA POPE #228305,

 Plaintiff,      NO. 2:19-cv-10870

v          HON. DAVID M. LAWSON

CORIZON HEALTH, INC., et al.  MAG. DAVID R. GRAND

 Defendants.

_____

EXCOLO LAW
Keith Altman (P81702)
Attorney for Plaintiff
26700 Lahser Rd.
Southfield, MI 48033
(866) 939-2656

MICH. DEPT. OF ATTORNEY GENERAL
Sara Trudgeon (P82155)
James T. Farrell (P35400)
Assistant Attorney General
Attorneys for MDOC Defendants
Michigan Department of Attorney General
MDOC Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055

CHAPMAN LAW GROUP
Ronald W. Chapman (P37603)
Madeline Young (P82140)
Attorney for Defendants Corizon Health,
 Dr. Papendick, Dr. Lacy, Dr. Pei,
 Dr. Gopal, Dr. Azimi, and PA Rohrs
1441 West Long Lake Road, Suite 310
Troy, MI 48098
(248) 644-6326

_____/

## MDOC DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 37

 Defendants Fiorini, Branch, and Tinsley (MDOC Defendants), by

and through counsel, move this court to dismiss this complaint under

Federal Rule of Civil Procedure 37, for the reasons below and fully explained in the accompanying brief.

On April 19, 2021, MDOC Defendants sent Plaintiff's counsel of record discovery requests including interrogatories and requests to produce documents.  Over 70 days have passed since MDOC Defendants mailed Plaintiff's counsel the discovery requests and, as of the date of this filing, no response has been received.

A court may order sanctions when a party has failed to serve answers, objections, or a written response to interrogatories.  Fed. R. Civ. P. 37(d)(1)(A)(ii).

Pursuant to Local Rule 7.1, MDOC counsel explained that she would be filing this motion and sought concurrence from Plaintiff's counsel by email on June 28, 2021.  Plaintiff indicated he will oppose the motion.  E.D. Mich. LR 7.1.

## RELIEF

For the reasons above and more fully explained in the brief in support, MDOC Defendants ask this Honorable Court to dismiss Plaintiff's claims against them.

Respectfully submitted,

2

Dana Nessel
Attorney General

*s/ Sara E. Trudgeon*
Sara E. Trudgeon (P82155)
James T. Farrell (P35400)
Assistant Attorneys General
Attorneys for the MDOC Defendants
MDOC Division
P.O. Box 30217
July 1, 2021       Lansing, MI 48909

## **CERTIFICATE OF SERVICE**

I hereby certify that on **July 1, 2021**, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing of the foregoing document as well as via US Mail to all non-ECF participants.

*/s/ Terri J. Davis*
Terri J. Davis, Legal Secretary
Mich. Dept. of Attorney General
MDOC Division

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

AISHA POPE #228305,

    Plaintiff,                          NO. 2:19-cv-10870

v                                  HON. DAVID M. LAWSON

CORIZON HEALTH, INC., et al.      MAG. DAVID R. GRAND

    Defendants.

---

| | |
|---|---|
| EXCOLO LAW | CHAPMAN LAW GROUP |
| Keith Altman (P81702) | Ronald W. Chapman (P37603) |
| Attorney for Plaintiff | Madeline Young (P82140) |
| 26700 Lahser Rd. | Attorney for Defendants Corizon Health, |
| Southfield, MI 48033 |   Dr. Papendick, Dr. Lacy, Dr. Pei, |
| (866) 939-2656 |   Dr. Gopal, Dr. Azimi, and PA Rohrs |
| | 1441 West Long Lake Road, Suite 310 |
| MICH. DEPT. OF ATTORNEY GENERAL | Troy, MI 48098 |
| Sara Trudgeon (P82155) | (248) 644-6326 |
| James T. Farrell (P35400) | |
| Assistant Attorney General | |
| Attorneys for MDOC Defendants | |
| Michigan Department of Attorney General | |
| MDOC Division | |
| P.O. Box 30217 | |
| Lansing, MI  48909 | |
| (517) 335-3055 | |

---

# BRIEF IN SUPPORT OF MDOC DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 37

Dana Nessel
Attorney General

Sara E. Trudgeon (P82155)
James T. Farrell (P35400)

Assistant Attorneys General
Attorneys for the MDOC
Defendants
MDOC Division
P.O. Box 30217
517-335-3055
TrudgeonS@michigan.gov
Lansing, MI 48909

July 1, 2021

**CONCISE STATEMENT OF ISSUES PRESENTED**

1.   Should this Court dismiss Plaintiff's claims against
Defendants Fiorini, Branch, and Tinsley, under Federal Rule
of Civil Procedure 37 because Plaintiff has not provided
answers, objections, or a written response to interrogatories
served over 70 days ago?

**CONTROLLING OR MOST APPROPRIATE AUTHORITY**

<u>*Authority*</u>:

Federal Rule of Civil Procedure 33
Federal Rule of Civil Procedure 37

## STATEMENT OF FACTS

Plaintiff filed this complaint *pro se* on August 28, 2019.  (R. 1.)  At the time of the filing, Plaintiff was incarcerated at Women's Huron Valley.  (*Id*.)   The Court issued an initial screening opinion, partially dismissing Plaintiff's claims.  (R. 7.)  Counsel appeared on behalf of Plaintiff on September 26, 2019.  (R. 25, R. 26.)  Defendants Fiorini, Branch, and Tinsley (MDOC Defendants) filed a motion for partial summary judgment (R. 34) and Co-Defendants Corizon Health, Papendick, Lacy, Pei, Gopal, Azimi, and Rohrs (Corizon Defendants) filed a motion to dismiss (R. 35)  The Court issued an order granting in part and denying in part MDOC Defendants' and Corizon Defendants' motions.  (R. 54.)  Plaintiff's counsel withdrew and Plaintiff's current counsel filed an appearance on February 3, 2021.  (R. 61; R. 62.)

Plaintiff makes serious allegations against all Defendants. Plaintiff claims that Defendants were deliberately indifferent to her serious medical need by allegedly denying and delaying medical attention for her colon cancer.  (R. 1, PageID.5.)

In an effort to properly investigate these claims and defend against them, MDOC Defense counsel served discovery, including

1

interrogatories and requests for product of documents, on Plaintiff's counsel via First Class mail on April 19, 2021. (Ex A.) As of the date of this filing, MDOC Defendants have not received answers, objections, or a written response from Plaintiff. MDOC Defense counsel has reached out to Plaintiff's Counsel twice inquiring on the status of Plaintiff's response. The first was on June 8, 2021. Plaintiff's counsel advised that they were "working on discovery." (Ex B, Email Chain). MDOC Defense Counsel followed up again on June 28, 2021, regarding the status on the discovery and asked Plaintiff to stipulate to an order compelling answers to the discovery within seven days otherwise MDOC Defendants would file the present motion. (*Id*.) Plaintiff's counsel again stated that they were "working on getting responses" and refused to provide a date that the responses would be provided. (*Id*.)

Defendants have been more then patient in waiting for Plaintiff's responses. Despite 70 days having passed, Plaintiff still has not provided answers to MDOC Defendant's discovery. Plaintiff has never sought an extension to respond nor has Plaintiff been able to provide a date MDOC Defendants can expect answers to the outstanding discovery.

# ARGUMENT

## I.   Because Plaintiff has failed to respond to MDOC Defendants' interrogatories, this Court should dismiss Plaintiff's claims against MDOC Defendants.

### A.   Legal Authority

Federal Rule of Civil Procedure 33 states that "a party may serve on any other party no more than 25 written interrogatories."  Fed. R. Civ. Pro. 33(a)(1).  The responding party "must serve its answers and any objections within 30 days after being served with the interrogatories."  Fed. R. Civ. Pro. 33(b)(2).

Federal Rule of Civil Procedure 37 states that a court may, on motion, may order sanctions if "a party, after being properly served with interrogatories under Rule 33…, fails to serve answers, objections, or written response."  Fed. R. Civ. P. 37(d)(1)(A).  Sanctions include the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

### B.   Analysis

Here, MDOC Defendants served Plaintiff's counsel of record interrogatories under Rule 33 and requests for production of documents, via First Class mail on April 19, 2021.  (Ex A.)   MDOC Defense counsel has corresponded with Plaintiff's counsel twice requesting responses to the discovery requests.  (Ex B.)  Plaintiff's counsel indicated both times that he was working on getting the responses completed.  (*Id*.)

Plaintiff's counsel has refused to provide a date as to when he will serve MDOC Defendants answers to their discovery request.  (*Id*.) Then, after Plaintiff's attorney instructed the undersigned to file this motion, he asked for another copy of the discovery requests, which leads this writer to believe Plaintiff never began responding to the discovery despite stating twice before that they were "working on it."  (*Id*.) Because Plaintiff has not provided answers to MDOC Defendants discovery requests, MDOC Defendants have been unable to properly investigate Plaintiff's allegations and cannot adequately defend against the serious accusations Plaintiff brings against them.

Because Plaintiff has failed to "to serve answers, objections, or written response" to MDOC Defendants interrogatories, sanctions under Rule 37 are warranted.  Fed. R. Civ. P. 37(d)(1)(A).  Dismissal of Plaintiff's claims against MDOC Defendants is an acceptable sanction for failing to respond to interrogatories.   Fed. R. Civ. P. 37(b)(2)(A)(v).

## CONCLUSION AND RELIEF REQUESTED

For the reasons explained above, MDOC Defendants ask this Honorable Court dismiss the claims brought against them in this lawsuit pursuant to Fed. R. Civ. P. 37.

Respectfully submitted,

Dana Nessel
Attorney General

/s/ *Sara E. Trudgeon*
Sara E. Trudgeon (P82155)
James T. Farrell (P35400)
Assistant Attorneys General
Attorneys for the MDOC
Defendants
MDOC Division
P.O. Box 30217
517-335-3055
TrudgeonS@michigan.gov
July 1, 2021                              Lansing, MI 48909

5

## CERTIFICATE OF SERVICE (E-FILE)

I hereby certify that on July 1, 2021, I electronically filed the

above document(s) with the Clerk of the Court using the ECF System,

which will provide electronic copies to counsel of record.

_/s/ Sara E. Trudgeon_
Sara E. Trudgeon (P82155)
Assistant Attorneys General
Attorneys for the MDOC
Defendants
MDOC Division
P.O. Box 30217
517-335-3055
TrudgeonS@michigan.gov
Lansing, MI 48909

July 1, 2021

6

*AISHA POPE #228305 v CORIZON HEALTH, INC., et al.*
USDC-ED Case No. 2:19-cv-10870
HON. DAVID M. LAWSON
MAG. DAVID R. GRAND

## <u>INDEX OF EXHIBITS</u>

Exhibit A          First Class mail on April 19, 2021

Exhibit B          Email Chain

*AISHA POPE #228305 v CORIZON HEALTH, INC., et al.*
USDC-ED Case No. 2:19-cv-10870
HON. DAVID M. LAWSON
MAG. DAVID R. GRAND

# EXHIBIT A

First Class mail on April 19, 2021

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

AISHA POPE #228305,

     Plaintiff,

v

CORIZON HEALTH, INC., KEITH
PAPENDICK, ROBERT LACY, CLAIRE
PEI, SHANTHI GOPAL, MOHAMMED
AZIMI, DONNA ROHRS, HUM
McCARTHY, HUM FISHER, KRISTYN
FIORINI, JANET BRANCH, BRYANT
TINSLEY, HEIDI WASHINGTON,
SHAWN BREWER, ANTHONY
STEWART, and PATRICIA
ROBINSON,

     Defendants.

NO. 2:19-cv-10870

HON. DAVID M. LAWSON

MAG. DAVID R. GRAND

---

EXCOLO LAW
Keith Altman (P81702)
Attorney for Plaintiff
26700 Lahser Rd.
Southfield, MI 48033
(866) 939-2656

MICH. DEPT. OF ATTORNEY GENERAL
Sara Trudgeon (P82155)
James T. Farrell (P35400)
Assistant Attorney General
Attorney for MDOC Defendants
Michigan Department of Attorney General
MDOC Division
P.O. Box 30217
Lansing, MI  48909
(517) 335-3055

CHAPMAN LAW GROUP
Ronald W. Chapman (P37603)
Madeline Young (P82140)
Attorney for Defendants Corizon Health,
  Dr. Papendick, Dr. Lacy, Dr. Pei,
  Dr. Gopal, Dr. Azimi, and PA Rohrs
1441 West Long Lake Road, Suite 310
Troy, MI 48098
(248) 644-6326

/

# THE MDOC DEFENDANTS' INTERROGATORIES AND
# REQUESTS FOR PRODUCTION OF DOCUMENTS TO
# PLAINTIFF

**INTERROGATORY 1** State the name, address, and telephone number of each witness known to Plaintiff or her attorneys to the incidents alleged in the Complaint. Please separate the information regarding witnesses so that it is clear which incident the identified witness is a witness for.

   **ANSWER**

**INTERROGATORY 2** State the name, address, and telephone number of each person whom Plaintiff expects she may call as a witness at the trial of this action, and for each such person state the substance of their probable testimony.

   **ANSWER**

**INTERROGATORY 3** Describe all disabilities or diagnosed medical and mental health conditions that Plaintiff had before the incidents alleged in the Complaint. Then describe all disabilities or diagnosed medical and mental health conditions that Plaintiff had after the incidents alleged in the Complaint; and further, specify which alleged injuries were suffered as a result of the MDOC Defendants' alleged conduct and which alleged incident caused each injury.

2

**ANSWER**

**INTERROGATORY 4** State the name, address, and telephone number of each person whom Plaintiff or her attorneys or other representatives of plaintiff have communicated with concerning this case, and for each communication please state when it occurred, where it occurred, who witnessed the communication, and the substance of the communication.

**ANSWER**

**INTERROGATORY 5** Identify the name, address, and telephone number of each medical institution and medical provider Plaintiff saw for the twenty-year period preceding the dates of the first incident alleged in the Complaint.

**ANSWER**

**INTERROGATORY 6** Please identify the name, address, and telephone number of each medical institution and provider Plaintiff saw following the incidents alleged in the Complaint.

**ANSWER**

**INTERROGATORY 7** If Plaintiff claims that she sustained any financial loss as a result of the MDOC Defendants' alleged conduct, then please state what those alleged financial losses are in terms of the

following categories; and further, specifying which incident by which

MDOC Defendant caused each dollar of damage:

    A.   lost income;

    B.   medical expenses, and

    C.   value of all nonmarket services (e.g., household chores
Plaintiff could not perform and, thus, went undone, or that plaintiff had
to pay someone else to perform, etc.).

    **ANSWER**

**INTERROGATORY 8** Did Plaintiff make claim for benefits, or receive

benefits, under a policy of insurance or government entitlement for the

injuries or medical problems she suffered as a result of the MDOC

defendants' alleged conduct?  If so, provide details concerning the claim

made and/or benefits received, i.e., provide the name of the insurance

company, the type of insurance, the policy number, how the claim was

treated, i.e., was it honored, rejected, or denied, the type and amount of

benefits for which the claim was made and/or paid, etc.

    **ANSWER**

**REQUEST TO PRODUCE 1** Produce a duplicate, as that term is

defined in FRE 1001(e), of every exhibit, document, visual aid, item of

demonstrative evidence, and learned treatise that Plaintiff may use or

intend to use during the trial of this action, either for substantive evidence, or impeachment, or for any other evidentiary purpose, and identify the witnesses through whom each such exhibit, document, visual aid, etc. will be introduced, offered by, used by, and used against.

**ANSWER**

**REQUEST TO PRODUCE 2** Produce signed authorizations in the form approved by the State Court Administrator, a duplicate of which is attached hereto, sufficient in number to enable the MDOC Defendants to obtain all medical information concerning the Plaintiff from persons, institutions, hospitals, or other custodians in actual possession of such medical information.

**ANSWER**

**REQUEST TO PRODUCE 3** Produce transcripts of all oral and written statements concerning the matters referred to in the Complaint that have been received by, or taken by, or on behalf of, Plaintiff.

**ANSWER**

**REQUEST TO PRODUCE 4** Produce duplicates of Plaintiff's federal income tax returns for the five years preceding the last time Plaintiff entered prison, and all returns filed since Plaintiff has been paroled.

**ANSWER**

**REQUEST TO PRODUCE 5** Produce duplicates of each of Plaintiff's expert's file.

**ANSWER**

**REQUEST TO PRODUCE 6** Produce duplicates of Plaintiff's birth certificate and marriage certificate(s).

**ANSWER**

Respectfully submitted,

Dana Nessel
Attorney General

*/s/ James T. Farrell*
James T. Farrell (P35400)
Assistant Attorney General
MDOC Division
P.O. Box 30217
Lansing, MI  48909
(517) 335-3055
Farrellj@michigan.gov

Date:  April 19, 2021

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on the date indicated a copy of THE MDOC DEFENDANTS' INTERROGATORIES AND REQUESTS FOR PRODUCUTION OF DOCUMENTS TO PLAINTIFF was served on counsel of record by first-class mail.

Date: April 19, 2021          */s/ Terri J. Davis*
                              Terri J. Davis, Legal Secretary
                              Mich. Dept. of Attorney General
                              MDOC Division

7

*AISHA POPE #228305 v CORIZON HEALTH, INC., et al.*
USDC-ED Case No. 2:19-cv-10870
HON. DAVID M. LAWSON
MAG. DAVID R. GRAND

# EXHIBIT B

Email Chain

**Trudgeon, Sara (AG)**

| | |
|---|---|
| **From:** | Keith Altman <keithaltman@kaltmanlaw.com> |
| **Sent:** | Tuesday, June 29, 2021 8:36 AM |
| **To:** | Trudgeon, Sara (AG) |
| **Cc:** | 'Madeline Young'; Davis, Terri (AG); Farrell, James (AG); dscarber@chapmanlawgroup.com; Prentice (PJ) Johnson; Prentice (PJ) Johnson |
| **Subject:** | RE: Pope v. Corizon - outstanding requests |

---

**CAUTION: This is an External email. Please send suspicious emails to abuse@michigan.gov**

---

Sara,

How did you send the demands?  I don't have an email from you.  Can you resend?

Keith

Keith Altman
The Law Office of Keith Altman
516-456-5885
keithaltman@kaltmanlaw.com
Licensed in California and Michigan

---

**From:** Trudgeon, Sara (AG) <TrudgeonS@michigan.gov>
**Sent:** Monday, June 28, 2021 4:03 PM
**To:** Keith Altman <keithaltman@kaltmanlaw.com>
**Cc:** 'Madeline Young' <myoung@chapmanlawgroup.com>; Davis, Terri (AG) <DavisT27@michigan.gov>; Farrell, James (AG) <farrellj@michigan.gov>; dscarber@chapmanlawgroup.com; Prentice (PJ) Johnson <prenticejohnson@kaltmanlaw.com>
**Subject:** RE: Pope v. Corizon - outstanding requests

Keith,

We have been more than patient in waiting for Plaintiff's answers to our discovery.  I believe one week (from tomorrow) is more than an efficient amount of time considering it has now been 70 days since we sent out the discovery.  I need an affirmative answer from you on when we will get Plaintiff's answers.  If you are not willing to stipulate to a order compelling production by July 6, then a motion will be necessary.

Thanks,

Sara

---

**From:** Keith Altman <keithaltman@kaltmanlaw.com>
**Sent:** Monday, June 28, 2021 3:55 PM
**To:** Trudgeon, Sara (AG) <TrudgeonS@michigan.gov>
**Cc:** 'Madeline Young' <myoung@chapmanlawgroup.com>; Davis, Terri (AG) <DavisT27@michigan.gov>; Farrell, James (AG) <farrellj@michigan.gov>; dscarber@chapmanlawgroup.com; Prentice (PJ) Johnson

<prenticejohnson@kaltmanlaw.com>
**Subject:** RE: Pope v. Corizon - outstanding requests

**CAUTION: This is an External email. Please send suspicious emails to abuse@michigan.gov**

Sara,

A motion is not necessary.  I have a person in place handling the discovery who is working on getting you responses.  Please allow some more time.

Keith

Keith Altman
The Law Office of Keith Altman
516-456-5885
keithaltman@kaltmanlaw.com
Licensed in California and Michigan

**From:** Trudgeon, Sara (AG) <TrudgeonS@michigan.gov>
**Sent:** Monday, June 28, 2021 3:53 PM
**To:** Keith Altman <keithaltman@kaltmanlaw.com>
**Cc:** 'Madeline Young' <myoung@chapmanlawgroup.com>; Davis, Terri (AG) <DavisT27@michigan.gov>; Farrell, James (AG) <farrellj@michigan.gov>; dscarber@chapmanlawgroup.com
**Subject:** RE: Pope v. Corizon - outstanding requests

Mr. Altman,

We still have not received responses to our discovery that was sent April 19, 2021.  The responses are now more than a month overdue.  Will you stipulate to an order compelling answers within 7 days?  If not, I will plan on filing a motion to dismiss.

Thanks,

Sara Trudgeon
Assistant Attorney General
Michigan Dept. of Attorney General
MDOC Division
517-335-3055

**From:** Farrell, James (AG) <farrellj@michigan.gov>
**Sent:** Wednesday, June 9, 2021 8:31 AM
**To:** Keith Altman <kaltman@lawampmmt.com>; Trudgeon, Sara (AG) <TrudgeonS@michigan.gov>
**Cc:** 'Madeline Young' <myoung@chapmanlawgroup.com>; Davis, Terri (AG) <DavisT27@michigan.gov>
**Subject:** RE: Pope v. Corizon - outstanding requests

Mr. Altman:

Just so we're clear, your email says Ms. Pope has treated with:

1.  Dr. Dua Saliva in Detroit whose telephone number is 313.386.1500.

2.  Dr. Landon Lewis at St. Joseph Hospital in Ypsilanti.

3.  Dr. Flemwellimg in the Urology Department at St. Joe's.

4.  In the Oncology Department at St. Mary's Hospital in Livonia.

Are these all of her non-prison treaters? And are the names all spelled correctly? I'm thinking Dr. Flemwllimg is not a correct spelling.

Jim Farrell

---

**From:** Keith Altman <kaltman@lawampmmt.com>
**Sent:** Tuesday, June 8, 2021 6:32 PM
**To:** Trudgeon, Sara (AG) <TrudgeonS@michigan.gov>
**Cc:** Farrell, James (AG) <farrellj@michigan.gov>; 'Madeline Young' <myoung@chapmanlawgroup.com>
**Subject:** RE: Pope v. Corizon - outstanding requests

**CAUTION: This is an External email. Please send suspicious emails to abuse@michigan.gov**

Sara,

I thought I sent this.

Dr Dua saliva 313 386 1500. Dr Landon lewis st Joseph Ypsilanti, Dr flemwellimg urology st Joseph Ypsilanti,  St Mary's Livonia oncology

We are working on discovery.

Keith


Keith Altman
The Law Office of Keith Altman
516-456-5885
kaltman@lawampmmt.com
Licensed in California and Michigan

---

**From:** Trudgeon, Sara (AG) <TrudgeonS@michigan.gov>
**Sent:** Tuesday, June 8, 2021 5:17 PM
**To:** Keith Altman <kaltman@lawampmmt.com>
**Cc:** Farrell, James (AG) <farrellj@michigan.gov>; Madeline Young <myoung@chapmanlawgroup.com>
**Subject:** Pope v. Corizon - outstanding requests

Keith,

We still need the names of Ms. Pope's outside healthcare providers.  I believe you have had ample time since obtaining this file to contact your client and I have even previously provided her contact information on May 6.  When can we expect to get this information?

We also have outstanding discovery requests that were mailed to you on April 19, 2021.  Please advise on the status of Plaintiff's responses.

Thanks,


Sara Trudgeon
Assistant Attorney General
Michigan Dept. of Attorney General
MDOC Division
517-335-3055