# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

Aisha Pope, #228305

    Plaintiff,

v.

Corizon Health, MDOC et al

    Defendants,

Case No.: 2:19-cv-10870
District Judge: David M. Lawson
Magistrate Judge: David R. Grand

---

THE LAW OFFICE OF KEITH ALTMAN
Keith Altman (P81702)
*Attorney for Plaintiff*
33228 W 12 Mile Rd, Suite 375
Farmington Hills, MI 48334
(516) 456-5885
kaltman@lawampmmt.com

MICHIGAN DEPT. OF ATTORNEY GENERAL
Sara Trudgeon (P82155)
*Attorney for the MDOC Defendants*
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
trudgeons@michigan.gov

CHAPMAN LAW GROUP
Devlin Scarber (P64532)
Jeffrey L. Bomber (P85407)
*Attorneys for Keith Papendick, M.D.;*
*Claire Pei, M.D.; Mohammed Azimi, M.D.;*
*Shanti Gopal, M.D.; and Donna Rohrs, P.A.*
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
dscarber@chapmanlawgroup.com
jbomber@chapmanlawgroup.com

---

## AFFIDAVIT OF KEITH PAPENDICK, M.D.

STATE OF __Michigan__  )
                         )ss
COUNTY OF __Calhoun__  )

    I, Keith Papendick, M.D., first being duly sworn under oath, state that if I were called to testify as a witness in this matter, I would testify to the following:

1

1. I have reviewed Plaintiff's Complaint and the medical records in this matter pertaining to Plaintiff, Aisha Pope, including records concerning my involvement in her care.

2. I am a medical doctor licensed to practice medicine in the State of Michigan, including on the dates relevant to Plaintiff's Complaint. During the time periods relevant to this case, I was a utilization management physician providing medical care to inmates, including Ms. Pope, or otherwise making medical decisions regarding their care at the Michigan Department of Corrections.

3. I have medical training and experience in the matters for which I was involved in Ms. Pope's treatment. At all times in providing or authorizing medical treatment for patients, including Plaintiff, I utilize my medical judgment in all aspects of my involvement based upon my knowledge, skill, training, education, and experience.

4. At all times relevant to this case, my actions, and any involvement that I had in Plaintiff's care, were proper in light of her presenting conditions.

5. Relevant to the Complaint, I became involved in Ms. Pope's medical care and treatment in 2017. During the time of my involvement, my treatment of Ms. Pope was reviewing 407 requests submitted to me from other medical providers and issuing appropriate recommendations regarding such requests depending on whether, in my medical judgment, the requisite criteria is met. My involvement

included, but was not limited to, approving Ms. Pope's pelvic ultrasound, colonoscopy requests, surgical referral, CT scans and cardiac consult, nuclear stress test, post-surgical follow-up appointment, oncology consult, and post-surgical colonoscopy and CT scans. With respect to the 407 requests for Colaris/Lynch testing, the records demonstrate that any delay or clarification that was required for such testing was not attributed to me and caused no damage to Ms. Pope.  I approved the Colaris/Lynch testing once the ACMO, RMD, Corizon expert oncologist, and the outside oncologist were all in agreement as to why it was medically necessary and clarified discrepancies in light of the prior biopsies.

6. Based upon my medical judgment and experience, I disagree with Plaintiff's claims in her Complaint alleging deliberate indifference.  I further disagree that any alleged inactions by me or medical treatment or decisions that I provided caused Ms. Pope any damages or harm, including as it pertains to colon cancer.

7. At no time during my interaction with Plaintiff did I ever perceive any facts suggesting that Plaintiff was at a substantial risk of harm for any conditions that were not being treated.  Nor did I disregard Plaintiff's medical condition in any way.

8. I do not believe that I acted with any deliberate indifference in Plaintiff's care, as I responded to her medical needs, and provided and ordered appropriate medical

3

treatment and follow-up care. I treated Plaintiff in a manner that, in my medical judgment, was appropriate.

9. The statements made in this affidavit are true and accurate to the best of my current knowledge, information, and belief.

Dated: Oct, 7, 2022

_____
Keith Papendick, M.D.

Subscribed and sworn to before me this
7th day of October 2022.

_____
Laura Armstrong, Notary Public
County of Calhoun
Acting in Calhoun
My Commission Expires: January 13, 2028

**LAURA ARMSTRONG**
NOTARY PUBLIC STATE OF MICHIGAN
COUNTY OF CALHOUN
My Commission Expires January 13, 2028
Acting in the County of Calhoun

4